## Bentley *versus* Rickabaugh.

1. Calls in a deed, or lines on the ground, will control both courses and distances, if there be no fraud or mistake in running the lines.

2. R. sold land to S., describing it by courses and distances in the deed, the contents stated to be 32 acres, the amount which would be enclosed by the courses and distances.  B., a subsequent purchaser, finding marks on the ground and adjoiners as described in the deed, embracing about 30 acres more, claimed to hold them.  *Held,* that the question whether the surveyor had not run the lines by fraud or mistake was properly submitted to the jury.

3. The deed calling for but 32 acres, B. could not allege that he was an innocent purchaser without notice.

May 19th 1869.  Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Juniata county*: No. 26, to May Term 1869.

This action in the court below was an ejectment for about 31

acres of land, in which Sarah Rickabaugh, admr. *d. b. n. c. t. a.* of David Rickabaugh, deceased, was plaintiff, and Ambrose H. Bentley was defendant.

The case appeared to be as follows: On the 15th of March 1847 the decedent, who was the owner of a large tract of land, conveyed to John Schweier a part of it which was described in the deed by courses and distances as follows: "Beginning at a post and stones on the line of George Hassinger, thence by the said Hassinger south $57\frac{1}{2}°$ west 58 perches to stones, thence by said David Rickabaugh north 15° west 108 perches to white oak, thence by the same north 10° east $5\frac{1}{2}$ perches to pine by Stephen Reynolds, north 89° east $56\frac{1}{4}$ perches to post, thence by land of Jacob Haines south $14\frac{1}{2}°$ east $81\frac{9}{10}$ perches to the place of beginning, containing 32 acres and 37 perches," &c.

On the 12th of February 1851 Schweier conveyed to R. C. Gallaher the land as described in the deed to him, and on the 12th of December 1865 Gallaher conveyed in the same way to the defendant. Estimating by the courses and distances in the deed the contents would be 33 acres and 14 perches. The defendant claimed that although the courses and distances would enclose but 33 acres and 14 perches, yet the *actual* survey made on the ground by one Cummins at the time of Schweier's purchase would make the contents of the tract 62 acres or more, and that he was entitled to hold this quantity of land; he accordingly took possession of the whole. For the excess which was over the 33 acres, and which lay west of them, this action was brought. The plaintiff gave evidence to establish her case as stated above; her witnesses who were surveyors testifying that they found marks on the lines and at the corners corresponding with the calls in the deeds. Having closed, the defendant called Joseph Middagh, a surveyor, who testified that he ran the line "south $57\frac{1}{2}°$ west;" at the distance, 58 perches, called for in the deed to Schweier, found no corner; he continued further along a well-marked line, and found a stone heap at the distance of 101 perches; he started from the stone heap north 15° west, and found the line well-marked, and at the end of 130 perches came to a white oak corner; he then ran by the next course and distance in the deed to a pine, and thence north 89° east 98 perches to a stone heap, thence as in the deed to the beginning; his survey made 62 acres 18 perches. G. W. Jacobs, another surveyor, who also had made a survey, testified substantially as Middagh. He was informed by a neighbor whilst running, that the corner at the end of 101 perches on the first line had been made by Cummins; he also testified that from information he got on the line and from Cummins's draft, he was of opinion that Cummins had run the second line from the stone heap at the end of the 101 perches.

The plaintiff submitted several points to the court. The 1st

[Bentley v. Rickabaugh.]

had relation to the west line testified to by plaintiff's witnesses as corresponding with that stated in deed and was affirmed. The other points and the answers of the court are as follows :—

Point 2. "If, on the contrary, the jury are not satisfied, that the said line was made by the said Cummins and the said corners established at the time he made the survey to ascertain the line for Schweier, 32 acres, and that said Cummins, either mistakenly or fraudulently, included within his survey double the quantity of land he should have done and marked on the ground the line of demarcation claimed by the defendant and that said survey as claimed by defendant contains over 60 acres instead of 32 acres, and is not the survey called for by the courses and distances of the deed from Rickabaugh to Schweier, then the mistake or fraud of Cummins vitiates the survey, and defendant can claim only the quantity called for by the courses and distances in the deed, and the plaintiff is entitled to recover the excess in this action."

Answer—

"Fraud or gross and palpable mistakes will vitiate a survey, and if Cummins did, as he ran the lines on the ground, include 62 in place of 32 acres, and if the courses and distances on the draft and in the deed include but 32 acres, and if Schweier purchased and paid for only 32 or 33 acres and such was the contract, understanding and agreement of both Rickabaugh and Schweier, under these circumstances the mistake of the surveyor would not extend the rights of the purchaser to the lines he ran, but it would be limited to the land included within the courses and distances mentioned in the survey and deed."

Point 3. "The deed from David Rickabaugh to John Schweier contains a description of the land according to the courses and distances of the draft made by John Cummins and is only for 32 acres, 37 perches; the defendant cannot, on account of the mistake of the surveyor, hold double the quantity entitled to be conveyed by David Rickabaugh to Schweier under whom defendant claims."

Answer—

"A mistake of the surveyor would not vest in Schweier more land than was embraced in the courses and distances in the draft and deed."

Point 4. "Although as a general principle, the survey controls the deed, where there is a discrepancy between the two as to the extent of the grant, yet the survey is not conclusive, but is impeachable for mistake or fraud—and where, as in the present case, the survey as claimed by the defendant to be marked on the ground is evidently a mistake, containing double the quantity of land sold and double the quantity called for by the courses and distances in the draft of the survey and in the descriptions in the deed, the survey must be controlled by the deed and the terms of the sale."

[Bentley *v.* Rickabaugh.]

Answer—

" The general principle stated is correct, but when there is a clear, evident and palpable mistake of the surveyor in making the lines on the ground, the courses and distances in the draft and deed will control the rights of the parties."

The court also said in the general charge:—

" As a general rule the survey on the ground will control the courses and distances on paper. But when there is a clear and evident mistake of the surveyor and his work on paper is correct, in making his draft, and the parties have no means of discovering the mistake, but carry out the contract in good faith, equity will relieve against such mistake, and place the parties just in the position they intended and supposed they were placing themselves."

The verdict was for the plaintiffs.

The defendant took a writ of error, and assigned for error the answers to the points and the above portion of the charge.

*E. S. Doty* and *E. D. Parker*, for plaintiff in error.—Where there is a discrepancy, adjoiners and natural landmarks control courses and distances : Cox *v.* Couch, 8 Barr 147 ; Petts *v.* Gaw, 3 Harris 218 ; Blasdell *v.* Bissell, 6 Barr 258 ; Thompson *v.* Mc-Farland, Id. 473. There can be no recovery on the ground of the surveyor's mistake : Farmers' and Mechanics' Bank *v.* Galbraith, 10 Barr 490 ; Glenn *v.* Glenn, 4 S. & R. 488 ; Large *v.* Penn, 6 Id. 488.

*C. J. T. McIntire*, for defendant in error.—A survey may be impeached for fraud or mistake : Ogden *v.* Porterfield, 10 Casey 195 ; Jenks *v.* Fritz, 7 W. & S. 201 ; Caldwell *v.* Holler, 4 Wright 168.

The opinion of the court was delivered, May 25th 1868, by

THOMPSON, C. J.—It is unquestionably true that calls in a deed, or lines on the ground, will control both courses and distances in a deed, with a qualification in regard to lines, which is always understood, that there be no fraud or mistake in running them : Ogden *v.* Porterfield, 10 Casey 195 ; Caldwell *v.* Holler, 4 Wright 168.

In this case, if we understand it, the deeds contain courses and distances taken from the draft made by the surveyor, which embraces the land actually sold and to be run off to the purchaser, Schweier, from a larger tract belonging to the vendor, viz., 32 acres and 27 perches. Schweier accepted the conveyance, and always claimed and occupied by these lines. The defendant, a subsequent purchaser, discovered a line extending beyond the point 58 perches west of the Haines corner some 42 perches, of the same age with that of the line to that point, making the line

[Bentley v. Rickabaugh.]

west from the last named corner 101 perches to a post and stones, and from thence, a line N. 18° west 129 perches to a white oak, and so on around to the place of beginning. These boundaries contain upwards of 60 acres, and the defendant contends that that was the actual survey made for the purpose of executing the conveyance between Rickabaugh, the vendor, and Schweier, the vendee, and to which the principle that the lines on the ground must apply, and is to control the courses and distances in the deed, and that the deed must be held to cover this territory, notwithstanding it contains nearly twice the number of acres actually agreed to be conveyed.

The learned judge very properly held that this would be so in the absence of fraud or mistake in running the lines. That there was mistake, at least on part of the surveyor, if he meant to return those lines to the party, is demonstrable. The area embraced proves this. He was to start at a fixed point and run a certain course and distance, and from thence cut off 32 acres; instead of which he almost doubled the length of the first line, and included almost double the amount he was to set off. There was mistake or fraud here, which would prevent the principle invoked from applying. The defendant could not claim to reform his deed by a mistaken survey; and consequently could not defend on the equitable idea that, as he was entitled to have the deed reformed, it was to be considered as reformed so as to extend to the limits of that survey, if that survey was a mistake; and whether it was a mistake or not, was submitted to the jury, with a very strong and very proper expression of opinion that the line was a mistake.

In fact, it seems to me there was evidence on the ground, to show that the boundaries in the deed, were run at the same time, either immediately before or immediately after the larger boundaries were now claimed to. I think the evidence of this would have been sufficient to have carried the case, but the defendant had his theory, which it was necessary to dispose of, and it was well disposed of by leaving the question of fraud or mistake in running the lines alluded to, to the jury. It might have been more satisfactorily disposed of by simply leaving to the jury, the question whether the smaller survey was not the true survey made and reported by the surveyor, and by which the deed was made. But still, the course adopted was unobjectionable, and there was no error in ruling as the learned judge did therein. The defendant could not pretend to be an innocent purchaser of the 60 acres without notice. The title disclosed that there was but 32, and not 60 acres in the purchase of Schweier from Rickabaugh, and there is no evidence that he bought more. If he did, it was his own folly not to be warned by what appeared in the line of his title.

. Seeing no error in the record, the judgment is affirmed.